Dear Mr. Purpera:
Your request for an Attorney General's Opinion as to whether university board supervisors and the colleges and universities supervised and managed by them are excluded from the requirements of the State Cash Management Review Board, La.R.S. 39:371, et seq. has been assigned to me for research and reply.
In Atty. Gen. Op. No. 97-240, we determined, in part, that such entities were in fact subject to the requirements of La.R.S. 39:371, etseq. You ask that we reconsider that decision in light of La.R.S.49:308(E)(2)(d), which excludes university board supervisors and the colleges and universities supervised and managed by them from depositing money received by them into the state treasury.
Under La.R.S. 39:372, state agencies are required to submit reports concerning their checking accounts and information concerning their cash management policies and procedures to the State Cash Management Board. Additionally, all banking and checking accounts opened by a state agency must be approved by that board. A "state agency" for purposes of La.R.S.39:372 is "each state agency, department, board, or commission required to deposit monies in the state treasury in accordance with Article VII, Section 9(A) of the Louisiana Constitution of 1974."[1]
La.Const. art. VII, § 9(A), in pertinent part, provides that, generally, "[a]ll money received by the state or by any state board, agency, or commission shall be deposited immediately upon receipt in the state treasury." That section further provides for six exceptions to the general rule, none of which appear to apply to university board supervisors and the colleges and universities supervised and managed by them. *Page 2 
Nevertheless, under La.R.S. 49:308, which is the statutory accompaniment of La.Const. art. VII, § 9(A), the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, the Board of Supervisors of Southern University and Agricultural and Mechanical College, the Board of Supervisors of the University of Louisiana System, and the colleges and universities supervised and managed by each are excepted from the definition of "state board, agency, or commission."[2]
It is well established that all statutory enactments are presumed constitutional and every presumption of law and fact must be indulged in favor of legality.[3] Because a state statute is presumed constitutional, the party challenging the statute bears the burden of proving its unconstitutionality.[4] We are unaware of any judicial declaration affecting the presumed constitutionality of La.R.S.49:308(E)(2)(d). We therefore construe La.R.S. 49:308(E)(2)(d) as a valid legislative interpretation of La.Const. art. VII, § 9(A).
Considering the exception for the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, the Board of Supervisors of Southern University and Agricultural and Mechanical College, the Board of Supervisors of the University of Louisiana System, and the colleges and universities supervised and managed by each under La.R.S. 49:308(E)(2)(d), it is the opinion of this office that such entities are excluded from the requirements of the State Cash Management Review Board, La.R.S. 39:371, et seq. To the extent Atty. Gen. Op. No. 97-450 conflicts with our assessment, it is hereby recalled and set aside.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL Attorney General
By: __________________________ BENJAMIN A. HUXEN II Assistant Attorney General
JDC/BAH II
[1] La.R.S. 39:372(A)(2).
[2] La.R.S. 49:308(E)(2)(d).
[3] Moore v. RLCC Technologies, Inc., 95-2621 (La.2/28/96),668 So.2d 1135; Faul v. Trahan, 1998-488 (La.App. 3 Cir. 10/7/98)718 So.2d 1081, 1087.
[4] State v. Brenan, 1999-2291 (La. 5/16/00) 772 So.2d 64, 67. [Citations omitted.]